IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HAZEL C. WOODS,** | * |
| Plaintiff, | * |
| v. | * Case No. RWT 12-cv-3220 |
| **FLAGSTAR BANK, FSB,** *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

On October 2, 2012, Plaintiff Hazel Woods filed a *pro se* Complaint in the Circuit Court for Prince George's County, Maryland, against Defendants, Flagstar Bank, FSB ("Flagstar"), Euclid Mortgage Services, LLC ("Euclid"), Mortgage Electronic Registration System ("MERS"), Joan H. Anderson, and Doe 1-10. (Doc. No. 2). Woods brings a quiet title action, asserting in her Complaint that the Defendants unlawfully separated the Note from the Deed of Trust ("Deed"), causing a defect in her property's title, Deed, and Note, which in turn created a cloud on her title. *Id.* at ¶¶ 1-4.

Woods is a resident of Maryland. (Doc. No. 1 at ¶ 7). Defendant Flagstar is a federally-chartered savings association with its principal place of business in Michigan. *Id.* at ¶ 8. Defendant Euclid is no longer a business, but it was previously a Virginia limited liability company with its principal place of business in Washington, D.C. *Id.* at ¶¶ 11-12. Defendant MERS is a corporation incorporated in Delaware with its principal place of business in Virginia. *Id.* at ¶ 10. Defendant Anderson is a resident of Michigan. *Id.* at 9.

**FACTUAL BACKGROUND**

Woods alleges that on or about May 15, 2008, she entered into a loan transaction to obtain ownership of 3530 Madison Street, Hyattsville, Maryland 20782-3226, with Euclid as the lender, MERS as the beneficiary, and Anderson as the trustee. (*See* Doc. No. 2 at ¶ 7-8, Exhibit 1). Woods believes that her loan is currently serviced by Flagstar, but claims that she never entered into any transactions with Flagstar and does not believe that Flagstar is the holder of her Note. *Id.* at ¶¶ 9-11. Woods questions whether her Note was transferred and, if so, whether a transfer was proper. *Id.* at ¶ 12. She further asserts that the Defendants unlawfully separated the Deed from the Note on one or more occasions, rendering the Deed null and deficient and creating a cloud on her title. *Id.* at p.1 ¶¶ 3-4. Woods worries that the unidentified defendants, Does 1-10, may attempt to assert a claim against her estate, title, lien, or interest in her mortgaged property. *Id.* ¶ 14. Woods seeks to have her title quieted, asserting that she is the sole interest holder of the property, and requests that all the Defendants prove their ownership and interest in the Deed and Note. *Id.* at ¶¶ 2, 13, 15.

On November 2, 2012, Flagstar, MERS, and Anderson timely removed the action to this Court. (Doc. No. 1).[1] The Defendants note that they were not properly served for three reasons. *Id.* at ¶¶ 3-6. First, Woods failed to send a copy of the summons with the complaint that was sent on or about October 2, 2012, as required by the Maryland Rules, which were used for service.[2] *See* Md. Code Ann., Md. R. 2-121(a)(1); (Doc. Nos. 1 at ¶ 3, 2 at Exhibit 5). Second, Woods failed to send the complaints to the corporate defendants via restricted delivery. Md. Code Ann.,

---

[1] The following two Defendants were not involved in the removal and are not active in this litigation: Euclid, which was not served properly and is no longer a business, and Doe 1-10, unknown entities or persons that may have placed a cloud on Woods' title or may have an interest in her property. (Doc. No. 1 at ¶¶ 12, 14; Doc. 2 at ¶ 5).

[2] The summonses appear to have been sent on or around November 29, 2012. (*See* Doc. 13 Exhibit 1). However, the summonses do not appear to have been sent via restricted delivery to the corporate defendants and was not sent to Anderson's residence. *See id.*

Md. R. 2-121(a)(3); (Doc. Nos. 1 at ¶ 4, 2 at Exhibit 5). Third, Woods sent the complaint to Anderson's place of business, not her dwelling or place of abode as required by the rules. Md. Code Ann., Md. R 2-121(a)(2); (Doc. Nos. 1 at ¶ 5, 2 at Exhibit 5).

## PROCEDURAL HISTORY

On November 9, 2012, Defendants Flagstar, MERS, and Anderson filed a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc No. 9). On November 30, 2012, Woods filed a joint motion, an opposition to the motion to dismiss, and a request for remand. (Doc. No. 12). On December 17, 2012, the Defendants filed a joint motion, a reply to the opposition to the motion to dismiss, and an opposition to the motion to remand. (Doc. No. 13). On January 7, 2013, Woods filed a "Consolidated Reply." (Doc. No. 14). On January 25, 2013, the Defendants opposed Woods' consolidated reply, asserting that it was an improper surreply. (Doc. No. 15).

## ANALYSIS

**I.    Motion to Remand**

Removal for diversity jurisdiction requires that: (1) the plaintiffs and defendants meet the diversity requirement (be citizens of different states); (2) the defendants not be citizens of the state in which the action was brought; and (3) the amount in controversy exceeds a value of $75,000. 28 U.S.C. §§ 1332(a), 1441(b); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State"). It is clear that the parties are diverse and none of the Defendants is a citizen of Maryland. *See* Doc. No. 1 at ¶¶ 7-11. The only contested issue is the amount in controversy.

Woods asserts that there is no value or debt in dispute and that this suit is to ascertain who holds the Note and Deed to her property. (*See* Doc. No. 12 p.3 at ¶ 5). However, the Supreme Court has stated that in actions for declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 346-47 (1977). Here, Woods wants to determine the legal status of her Deed and Note. (Doc No. No. 12 p.3 at ¶ 5). Thus, her request is one for declaratory relief. *See* BLACK'S LAW DICTIONARY 1401 (9th ed. 2009) (defining declaratory relief as "[a] unilateral request to a court to determine the legal status or ownership of a thing").

The record is clear that the value of the object in controversy, the property underlying the Deed and Note, is worth more than $75,000. (Doc. No. 2, Exhibit A). The Note, which was attached to the Complaint, indicates that a $203,000 loan was taken to purchase the home in 2008. *Id.*[3] While a loan may not actually equate to the value of the property, the Court takes notice of the public databases cited by the Defendants indicating that the property is worth more than $75,000. (Doc. No. 13 at 5). Furthermore, Woods never claims that the home is worth less than $75,000. Thus, because removal was proper and there is no reason to remand, Woods' motion to remand shall be denied.

## II. Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court has further articulated the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8

---

[3] The Note attached to the Complaint may be considered by the Court because a written instrument attached as an exhibit to a pleading is part of such pleading. *See* Fed. R. Civ. P. 10(c); *Thompson v. Greene*, 427 F.3d 263, 268 (4th Cir. 2005); *Johnson v. Prosperity Mortgage Corp*, No. 11-cv-02532-aw, 2011 WL 5513231, at *3 n.3 (D. Md. Nov. 3, 2011), *aff'd*, 503 Fed. App'x 198 (4th Cir. 2013) (per curiam).

"requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. A *pro se* plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Woods' Complaint raises two issues: (1) whether she can quiet title; and (2) whether a transfer of her Note was proper.

A. **Quiet Title**

Woods filed a Complaint labeled as an action to quiet title, asserting that the Defendants separated her Deed and Note, causing a cloud on her title, and requesting that all the Defendants be required to state their interest in her property. (Doc. No. 2 at p.1 ¶¶ 3-4, p.2 at ¶ 1). A quiet title action "protect[s] the owner of legal title 'from being disturbed in [her] possession and from being harassed by suits in regard to [her] title by persons setting up unjust and illegal pretensions." *Porter v. Schaffer*, 728 A.2d 755, 766 (Md. Ct. Spec. App. 1999) (quoting *Wathen v. Brown*, 429 A.2d 292, 294 (Md. Ct. Spec. App. 1981)). This type of action requires a plaintiff to establish that she has "both possession and legal title by 'clear proof.'" *Porter*, 728 A.2d at 766 (quoting *Stewart v. May*, 73 A. 460, 464-65 (Md. 1909)).

A quiet title action cannot be maintained when a mortgage company has an interest in the home. *See Johnson v. Prosperity Mortg. Corp.*, No. 11-cv-02532-aw, 2011 WL 5513231, at *4 (D. Md. Nov. 3, 2011) (dismissing a quiet title action because the defendant had an interest in plaintiff's property by way of a loan, note, and deed), *aff'd*, 503 Fed. App'x 198 (4th Cir. 2013) (per curiam); *see also, e.g., Sharma v. OneWest Bank, FSB*, No. DKC 11-0834, 2011 WL 5167762, at *3 (D. Md. Oct. 28, 2011); *Flores v. Deutsche Bank Nat'l Trust Co.*, No. DKC-10-0217, 2010 WL 2719849, at *7 (D. Md. July 7, 2010). A deed of trust "'transfers the legal title from a property owner to one or more trustees.' . . . The conveyance transfers the

estate of the debtor to the trustee, giving the trustee legal title to the property." *Fagnani v. Fisher*, 15 A.3d 282, 289 (Md. 2011) (quoting *Springhill Lake Investors Ltd. P'ship v. Prince George's Cnty.*, 690 A.2d 535, 539 (Md. Ct. Spec. App. 1997), *cert. denied*, 695 A.2d 1229 (Md. 1997)).

Woods' quiet title action is based on the premise that the Defendants "unlawfully separated the Deed of Trust from the note, one or more times, making it a null, deficient, and unenforceable security agreement for a foreclosure action." (Doc. 2 at ¶ 3). However, "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while assignment of the latter alone is a nullity." *Carpenter v. Longan*, 83 U.S. (1 Wall.) 271, 274 (1872); *see also, e.g.*, *Johnson*, 2011 WL 5513231, at *3. This principle is codified in Maryland law. *See* Md. Code Ann., Com. Law § 9-203(g) ("The attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien"); Md. Code Ann., Com. Law § 9-203 cmt. 9 (stating that this provision "codifies the common-law rule that a transfer of an obligation secured by a security interest or other lien on personal or real property also transfers the security interest or lien"). Generally, a note will follow a transferred mortgage. *See In re Bird*, No. 03-52010-js, 2007 WL 2684265, at *4 (Bankr. D. Md. Sept. 7, 2007).

Here, Woods acknowledges the existence of the Deed on her property and does not allege that she acted to remove any of the Defendants' interests, such as by paying off her loan. *See* (Doc. Nos. 2 at ¶¶ 11-12, 12 at p.3 ¶ 5). Moreover, Woods fails to establish that her Note was actually separated. Therefore, Woods has not alleged sufficient facts to maintain a quiet title action.

B.  **Improper Transfer of the Note**

Woods alleges that there *may* have been a transfer of her Note and that such transfer *may* have been improper. (Doc. 2 at ¶ 12). While it is unclear to the Court whether Woods actually believes that her Note was transferred, such an action must be dismissed because Woods fails to allege that an actual transfer occurred or any errors or misconduct in connection with such a transfer.

When a note contains language, as Woods' Note contains, such as: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder,'" there cannot be a wrongful transfer unless some misconduct or error related to the transfer is shown. (Doc. No. 2 Exhibit 1 at 1); *see Johnson*, 2011 WL 5513231, at *3 (holding that a transfer of a note was proper when the note contained this same language and the plaintiff failed to allege that the note was improperly endorsed by the new lender). Here, Woods fails to allege any facts to even establish a transfer, much less to establish any improper transfer. Thus, the Complaint must be dismissed for failure to state a claim.

III. **Surreply**

The Defendants assert that Woods' Consolidated Reply was, in effect, a surreply and a request for discovery. (Doc. No. 15 at 1-2). While the Court notes that Woods' request for documents is premature,[4] the issue is now moot and will not be addressed.

The Court acknowledges that Woods is in an odd predicament in not knowing who may have an interest in her mortgage. Although the Court is dismissing the Complaint, it notes that

---

[4] *See Keller v. Edwards*, 206 F.R.D. 412, 414-15 (D. Md. 2002) (stating that, in absence of mutual consent for discovery, this Court pursuant to Federal Rules of Civil Procedure Rule 26(d) and Local Rule 104.4 does not open discovery until after a scheduling order has been issued); *Wada v. U.S. Secret Serv.*, 525 F. Supp. 2d 1, 11 (D.D.C. 2007) (holding that a document request was premature when the request was made before the parties met or agreed to pursue discovery and before a scheduling conference or scheduling order was entered).

that this matter may be resolved by the exchange of information. John Steinbeck wrote, "The bank is something more than men, I tell you. . . . Men made it, but they can't control it." John Steinbeck, The Grapes of Wrath 33 (Centennial ed., Penguin Books 2002) (1939). Transparency serves not only the individual customer, but also the bank; it eliminates any perceived divide between bank and man, reflecting that the bank, like any institution, is a constellation of its customers, only as good as the sum of its patrons. The Defendants may be able to serve its customers, and thereby serve itself, by sharing information with Woods.

## **CONCLUSION**

For the foregoing reasons, the Court will deny Woods' Motion to Remand (Doc. No. 12) and grant Defendant's Motion to Dismiss (Doc. No. 9). A separate Order follows.


Date: <u>August 1, 2013</u>                                           /s/
                                                           ROGER W. TITUS
                                                  UNITED STATES DISTRICT JUDGE